[No. 12190. Department One. November 21, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

INTOXICATING LIQUORS—LOCAL OPTION—DELIVERY BY CARRIER IN DRY TERRITORY—UNBROKEN PACKAGES—STATUTES—CONSTRUCTION. Under the local option law, Rem. & Bal. Code, § 6309, declaring that it shall be unlawful for any person or carrier to bring into or transfer to another person or carrier any intoxicating liquor in any unit where its sale is forbidden, but providing that the act shall not apply to shipments or deliveries of unbroken packages at residences which are not places of business or of public resort, by manufacturers or wholesalers in their own conveyances, or by any common carrier, the transportation by a railroad company of a barrel of wine from wet into dry territory under consignment from a wholesaler, and delivery therein to a transfer agent to be by him carried and delivered to a private residence in dry territory, is merely a delivery to a connecting carrier and hence not a violation of the act.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered June 16, 1914, upon a trial and conviction of violating the local option law, after submitting the case to the court without a jury. Reversed.

*Geo. T. Reid, J. W. Quick*, and *L. B. da Ponte*, for appellant.

*H. E. Donohoe* and *C. D. Cunningham*, for respondent.

[1]Reported in 144 Pac. 47.

PARKER, J.—The defendant railway company was adjudged guilty, in the superior court for Lewis county, of shipping intoxicating liquor into a dry unit of that county in violation of the provisions of § 18, of the local option law, from which judgment the defendant has appealed to this court.

Section 18, of the local option law of 1909, Laws 1909, p. 165, being Rem. & Bal. Code, §6309 (P. C. 267 § 63), in so far as we are here concerned with its provisions, reads as follows:

"It shall be unlawful for any person, or public or private carrier, to accept or receive for shipment, transportation or delivery to any person or place within any unit in which the sale of intoxicating liquor is forbidden under the provisions of this act, or to carry, bring into or transfer to any other person, carrier or agent, or handle, deliver or distribute in any such unit any intoxicating liquor of any sort or character whatsoever; . . . Provided, however, that nothing herein contained shall be construed to apply . . . to shipments or deliveries at residences which are not places of business or of public resort, by manufacturers or wholesalers in their own conveyances, or by any common carrier or otherwise, any unbroken packages of liquor."

The case was submitted to the superior court without a jury upon agreed facts, which, so far as material here, may be summarized as follows: Appellant operates a line of railway from Tacoma to the town of Pe Ell, in Lewis county, and beyond, over which it transports freight and passengers for hire. W. R. Conrow, a resident of Pe Ell, conducts a transfer business, in which, among other things, he hauls freight for hire from appellant's station at Pe Ell, to places of business and residences of consignees of freight shipped to Pe Ell over appellant's railway. Joe Caterino resides some two miles from appellant's station at Pe Ell. His residence and appellant's station at Pe Ell are in the same dry unit of Lewis county, wherein the sale of intoxicating liquor is forbidden by virtue of an election held under the

local option law.   The St. Helena Wine House, of Tacoma, a wholesaler of intoxicating liquor, delivered to appellant, for shipment, one barrel of wine consigned to Caterino, to be carried by appellant over its railway from Tacoma to Pe Ell. Upon arrival of the barrel of wine at appellant's station at Pe Ell, appellant delivered it to Conrow for the purpose of and with the understanding that it was to be delivered by Conrow, in the course of his transfer business, to Caterino at his residence.   Caterino's residence is not a place of business or a public resort.   The barrel of wine was an original unbroken package within the meaning of the local option law. Conrow's compensation for the hauling of the barrel of wine from appellant's station to Caterino's residence was to be collected by him from the St. Helena Wine House, the shipper.

It is contended by counsel for appellant that the trial court erred in adjudging appellant guilty of the violation of § 18 of the local option law by delivery of the barrel of wine to Conrow.   This contention, we are of the opinion, must be upheld, in view of the fact that the barrel of wine was admittedly delivered to Conrow, as a carrier, to be by him delivered to Caterino at his residence.   The construction of this statute insisted upon by the prosecuting attorney would mean that two connecting carriers cannot, within a dry unit, lawfully deliver one to the other, in the course of shipment, an original unbroken package of liquor for the purpose of having it ultimately delivered to the consignee at his residence.   It is manifest that the statute is not directed against the transportation and delivery of liquor in unbroken packages to a consignee at his residence, when his residence is not a place of business or a public resort.   It would hardly be seriously contended that appellant would be guilty under this law had it actually transported and delivered the barrel of wine to Caterino at his residence.   We think it is equally free from guilt when it, in good faith, as is conceded here, delivered the barrel of wine to Conrow to be transported and

delivered by him through his transfer business from appellant's station to Caterino at his residence.

We conclude that the judgment of conviction must be reversed and the case dismissed. It is so ordered.

CROW, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.